# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES BOHANNON,

        Petitioner,    :    Case No. 1:12-cv-542

  - vs -                                Chief Judge Susan J. Dlott
                                        Magistrate Judge Michael R. Merz

WARDEN, Allen/Oakwood
 Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO RECONSIDER

This habeas corpus case is before the Court on Petitioner's Motion to Review the Record and Reconsider (Doc. No. 30). In support of that Motion, Petitioner has filed Objections (Doc. No. 31) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 23) which were adopted by Chief Judge Dlott (Doc. No. 27).

The instant Motion was filed post-judgment and is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations. Because the Motion was filed within the time allowed for a motion to amend a judgment under Fed. R. Civ. P. 59, it will be considered under that Rule.

**General Objection:**

Petitioner makes what he calls a general objection to the Report (Doc. No. 31, PageID

1

1871). A general objection has the same effect as a failure to file altogether. *Howard v. Sec. of HHS,* 932 F.2d 505 (6th Cir. 1991). Only Bohannon's specific objections will be considered in the balance of this Report.

**Procedural Default Generally:**

Petitioner insists that he has exhausted all his claims by presenting them to the state courts (Doc. No. 31, PageID 1872). The Warden, however, did not raise a defense of failure to exhaust, but rather asserted procedural default for many of Bohannon's grounds for relief. A failure to exhaust occurs when a habeas petitioner still has a state court remedy by which he can seek relief on a particular claim. Because a habeas court cannot decide a petition which has both exhausted and unexhausted claims, it has authority to stay the case while a petitioner exhausts. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). In contrast, a procedurally defaulted claim is one which a habeas petitioner can no longer present to a state court because he has passed up a proper opportunity to do so.

Bohannon asserts that none of his procedural defaults were intentional (Doc. No. 31, PageID 1872). However, the State is not required to show that a habeas petitioner intentionally relinquished a state court procedural opportunity.

Petitioner claims all of his procedural defaults are excused for one of two reasons. *Id.* Either, he says, they were caused by ineffective assistance of counsel at a stage of the proceedings at which he was constitutionally entitled to counsel or they are excused because he was proceeding *pro se*. *Id..* Particular claims of ineffective assistance as excusing cause will be considered below, but there is no general rule that procedural default is "imputed to the State

because the petitioner was acting *pro se* at the time the default occurred." Bohannon cites *McCoy v. Newsome,* 953 F.2d 1252 (11th Cir. 1992), for the quoted proposition of law. The holding in that case is precisely to the contrary:

> The Georgia procedural default rule does not provide an exception to its requirements for pro se prisoners. Because the rule is equally applicable to *any* state prisoner who wants to collaterally attack his conviction, Georgia's ability to enforce O.C.G.A. § 9-14-51 is undercut by McCoy's procedural default in the same way as by an inadvertent default by a counseled prisoner or a deliberate strategy. *See Coleman,* 111 S.Ct. at 2566 (citing *Carrier,* 477 U.S. at 487, 106 S.Ct. at 2644).

*Id.* at 1259 (emphasis in original).

Bohannon also argues that it would be a miscarriage of justice to hold his procedural defaults against him and criticizes the Report because it "analyses [sic] the Petitioner's claims through the narrow window of actual innocence, which is not Supreme Court instruction" and again "miscarriage of justice is not confined to actual or probable innocence, and merely requires that the Court 'sort out simple instances of right from wrong and give some redress for the latter.'" (Motion, Doc. No. 31, PageID 1873, 1874), *quoting ABF Freight System v. NLRB*, 510 U.S. 317, 325 (1994). However, the Supreme Court has held the "miscarriage of justice" standard, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence. In other words, they are the same standard, not alternative ways of avoiding a procedural default. *Calderon v. Thompson,* 523 U.S. 538 (1998).

Bohannon also relies on *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), in which the Supreme Court extended *Martinez v. Ryan* to the Texas system of post-conviction review. In *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), the Supreme Court held:

3

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319. *Martinez* and *Trevino* only apply where the procedural default being raised is default of an ineffective assistance of trial counsel claim in a State where a defendant is required, by law or by practice, to raise such a claim in a collateral attack proceeding and the State provides no counsel in that proceeding. Bohannon concludes "[s]uch a standard clearly allows this Court to excuse all alleged procedural defaults and proceed to the merits of the Petitioner's Grounds for Relief." (Motion, Doc. No. 31, PageID 1875.) To the contrary, whether these cases provide any support for Bohannon's position must be examined on a claim-by-claim basis.

**Objection 1: "The Magistrates [sic] R&R Misconstrues Petitioner's Traverse as Conceding that the Claim [made in the First Ground for Relief] Is Without Merit."**

In his First Ground for Relief, Bohannon asserted he was denied a fair trial because the trial judge required him to use a peremptory challenge to remove a juror "who could not commit to fairness and impartiality." The Report recommended dismissing this claim because "Bohannon has conceded Ground One" (Report, Doc. No. 23, PageID 1797, citing

4

Response/Traverse, Doc. No. 20, PageID 1762).

Bohannon objects that he only conceded he could not establish a Sixth Amendment fair and impartial jury claim, but asserted he has established a Fourteenth Amendment due process claim (Objections, Doc. No. 31, PageID 1875). Bohannon's entire concession reads:

> Bohannon will concede Ground One because peremptory challenges are within the State's province to grant or withhold; the mistaken denial of a state-provided peremptory challenge does not, without more violate the Federal Constitution[.] Bohannon would ask the Court to examine this claim under U.S. v. Nelson, 277 F.3d 164 for procedural or due process violation.

(Response/Traverse, Doc. No. 20, PageID 1762). Fairly read, this is a concession of all of the First Ground for Relief, not just some undesignated Sixth Amendment portion of it.

Assuming for the sake of argument that a separate Fourteenth Amendment claim is preserved, it is without merit. *United States v. Nelson*, 277 F.3d 164 (2nd Cir. 2002), relied on by Bohannon, is a Sixth Amendment, not a Fourteenth Amendment case. In addition, the objected-to juror in that case was actually placed on the main jury panel which did not happen at Bohannon's trial. Nothing is said about any due process violation in requiring use of a peremptory challenge to remove the juror. Ground One, reviewed under *United States v. Nelson, supra*, is without merit. The Court's dismissal of Ground One on that basis is correct and need not be modified.

**Ground Two:  Failure to Reduce Jury Instructions to Writing**

In his Second Ground for Relief, Bohannon complained of failure to include a written copy of the jury instructions in the appellate record. The Report recommended dismissal of this

5

Ground for Relief with prejudice because (1) no Supreme Court law recognized a constitutional right to have the jury instructions reduced to writing for appeal and (2) the claim was procedurally defaulted for failure to make a contemporaneous objection (Report, Doc. No. 23, PageID 1797-1801).

In his Objections, Bohannon claims that he had a right to review the jury instructions in writing and also to have those written instructions provided to the court of appeals (Objections, Doc. No. 31, PageID 1876). Bohannon offers no case law at all which supports those propositions. He relies on *Griffin v. Illinois*, 351 U.S. 12 (1956), but that case did not hold a defendant had any right to have instructions reduced to writing. Instead, it held that if a transcript of the trial is necessary for appellate review, the transcript had to be prepared at state expense for indigent defendants. In considering this assignment of error on direct appeal, the court of appeals wrote:

> In his second assignment of error, Bohannon argues that the trial court committed reversible error in failing to preserve written jury instructions as part of the record for appellate review. See R.C. 2945.10(G). Because Bohannon did not object to this alleged error at trial, we review the trial court's failure to maintain written jury instructions for plain error under Crim.R. 52(B). See *State v. Perry*, 101 Ohio St. 3d 118, 2004 Ohio 297, 802 N.E. 2d 643
>
> Here, we cannot say that the absence of written instructions from the record amounts to plain error. First, there is no indication in the record that the jury instructions were even reduced to writing. It appears from the record that the oral instructions given to the jury were tape-recorded and that a cassette tape was given to the jury. Second, Bohannon does not argue, nor does the record indicate, that any written instructions deviated from the oral instructions given to the jury. Because Bohannon has not shown how he has been prejudiced by the failure to preserve written jury instructions, we overrule his second assignment of error.

*State v. Bohannon,* 2010 Ohio App. LEXIS 4278 at *2 (1st Dist. 2010). The court does not

indicate any inability to decide the case on appeal for lack of a transcript.  In fact, the jury instructions as given in open court were transcribed and are before this Court as they were before the First District Court of Appeals (Return of Writ, Doc. No. 12-9, PageID 1668-98).  Bohannon makes no substantive objection to any of the content of the instructions, he merely seems to be somehow voicing a suspicion that the cassette recorder did not work correctly or that the trial judge substituted some other cassette for an accurate recording of what the judge said to the jury. Bohannon offers no evidentiary basis for any such suspicion.

Regarding the finding of procedural default, Bohannon merely asserts that it was ineffective assistance of trial counsel for his trial counsel to object to "cassette only" instructions and ineffective assistance of appellate counsel for failing to procure a transcript of the cassette. Because there is no requirement that a jury be provided with instructions in writing, it cannot have been ineffective assistance of trial counsel or ineffective assistance of appellate counsel to have failed to insist on them.

There is no manifest error of law in the Court's dismissal of Ground Two with prejudice. Bohannon's request to expand the record to include the cassette is denied.

**Ground Three:  Improper Jury Instruction on Aggravated Robbery**

In his Third Ground for Relief, Bohannon asserted he was entitled to release because the jury instructions did not tell the jury that the State had to prove that he displayed, brandished, or used a handgun in committing the offenses of which he was convicted.  The Report recommended dismissal because of lack of contemporaneous objection and no federal constitutional violation in the instruction actually given (Doc. No. 23, PageID 1801-03).

7

In the Objections, Bohannon claims his procedural default is excused because it was ineffective assistance of trial counsel to fail to object. While ineffective assistance can constitute excusing cause, the claim of ineffective assistance must itself first be submitted to the state courts and is forfeited by procedural default if not thus presented. *Edwards v. Carpenter,* 529 U.S. 446 (2000). While the failure to object was plainly available to be raised on direct appeal, it was not. *State v. Bohannon, supra.* It is therefore barred by Ohio's criminal *res judicata* doctrine. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Thus Bohannon has not shown excusing cause for the failure to object to the assertedly erroneous instructions.

Almost all of the relevant portion of the Objections (Doc. No. 31, PageID 1878-81) is spent arguing the merits of this claim, but Bohannon has not overcome the procedural default so as to have this Court reach the merits.

There is no manifest error of law in the Court's decision of the Third Ground for Relief.

**Grounds Four and Eight:  Insufficient Evidence/Conviction Against the Manifest Weight**

In his Fourth Ground for Relief, Bohannon argues his conviction is supported by insufficient evidence. In the Eighth Ground, he adds a claim that the conviction is against the manifest weight of the evidence.

The Report analyzed these claims together. It noted and accepted the Warden's claim that the manifest weight argument was not cognizable in habeas corpus. As to the insufficient evidence claim, the Report found the state court of appeals' decision as to victims J.H., D.H., J.M., and A.S.[1] was not an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), the governing Supreme Court precedent. As to victims B.S., K.B., and R.C., the

---

[1] The victims are being identified only by initials to protect their privacy interests.

Report found the Ground for Relief procedurally defaulted because it was not presented on direct appeal (Report, Doc. No. 23, PageID 1803-11).

Bohannon concedes that Ground Eight is not cognizable in habeas (Objections, Doc. No. 31, PageID 1881). As to the insufficient evidence claim on victims B.S., K.B., and R.C., Bohannon asserts that he "gave the State adequate notice when filing his 26(B)." *Id.* But an application for reopening a direct appeal is too late to raise for the first time, as Bohannon did here, a claim that could have been decided on direct appeal. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.* at 338.

As to the other four victims, Bohannon just repeats his assertion that the evidence was insufficient, but makes no showing of insufficiency, particularly in light of the double deference due to state court sufficiency findings. See *Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*).

Bohannon has not shown the Court committed a manifest error of law in dismissing Grounds Four and Eight.

9

**Ground Five:  Ineffective Assistance of Trial Counsel in Failing to Present an Expert**

In his Fifth Ground for Relief, Bohannon claims he received ineffective assistance of trial counsel when his defense counsel did not seek funding for and then present an expert on the general deficiencies in eyewitness identification.

The Warden asserted this Ground for Relief was procedurally defaulted because the first time Bohannon presented it was in his second application to reopen the direct appeal.  The Report concluded the claim was defaulted on that basis and that Bohannon had not shown excusing cause and prejudice (Report, Doc. No. 23, PageID 1811-16).

Bohannon objects that he showed prejudice:  "Bohannon clearly states in his Traverse (page 12-14) that had an expert been called the outcome of the trial would have been different." (Objections, Doc. No. 31, PageID 1882.)  Bohannon here again confuses prejudice as part of the merits of a claim and "cause and prejudice" to excuse a procedural default.

Because this is a claim which would depend on evidence outside the record – evidence of what an expert would have said – it is the sort of claim which must be presented under Ohio law in a petition for post-conviction under Ohio Revised Code §  2953.21.  As the Report notes, Bohannon post-conviction petition was itself dismissed as untimely. (Doc. No. 23, PageID 1813.) The first time Bohannon ever raised the claim was in his second application to reopen the direct appeal.

In his Traverse (Doc. No. 20, PageID 1772) and again in his Objections (Doc. No. 31, PageID 1882), Bohannon attempts to excuse his lateness by saying the post-conviction petition was based on recently obtain police reports.  As the Report notes, police reports in Ohio are public records available to the public at any time, so waiting until well after the filing deadline

10

on a 2953.21 petition is not excused by not obtaining police reports which could have been obtained at any time in the exercise of due diligence.

Bohannon again invokes his actual innocence claim to excuse the procedural default (Objections, Doc. No. 31, PageID 1882). As set forth at length above, he has not established actual innocence within the meaning of *Schlup v. Delo*.

There is no manifest error of law in the Court's disposition of the Fifth Ground for Relief.

**Ground Six: Failure to Sever Counts**

In his Sixth Ground for Relief, Bohannon asserts he should have been tried separately for each of the seven victims. Although this claim was made at trial, it was not pursued on direct appeal and the Report found it procedurally defaulted on that basis, that Ohio applies the doctrine of *res judicata* to bar claims which could have been raised on direct appeal but were not (Doc. No. 23, PageID 1817).

In his Objections, Bohannon asserts that the procedural default in not presenting this claim on direct appeal is the result of ineffective assistance of appellate counsel. As pointed out above, while ineffective assistance may be excusing cause, it must first be evaluated by the state courts. *Edwards v. Carpenter, supra.* Bohannon made no such claim in his first application to reopen under Ohio App. Rule 26(B). His sole assignment of error there related to failure to claim some of the convictions were allied offenses of similar import. *State v. Bohannon*, Case Nos. C-070859 and C-070860 (First Dist.)(unreported, copy at Return of Writ, Doc. No. 12-1, PageID 372.) Because Bohannon procedurally defaulted in presenting this claim of ineffective assistance of appellate counsel to the Ohio courts, he cannot now rely on that claim to excuse his

11

procedural default in not presenting the prejudicial joinder claim on direct appeal.

There is thus no manifest error of law in the Court's disposition of the Sixth Ground for Relief.

**Ground Seven: Ineffective Assistance of Trial Counsel for Failure to Object to Prosecutorial Misconduct**

In his Seventh Ground for Relief, Bohannon claims his trial attorney provided ineffective assistance by failing to object to numerous instances of prosecutorial misconduct in closing argument. The Warden asserted this claim was procedurally defaulted because it could have been but was not raised on direct appeal. The Report recommended dismissing this Ground for Relief on the basis of that procedural default.

In his Objections, Bohannon claims he "raised this claim in a timely petition for post-conviction relief." (Doc. No. 31, PageID 1883.) However this claim depends on the record and should have been raised on direct appeal. When it was not, it became *res judicata* under *State v. Perry, supra.* The trial court cited precisely that case in denying relief in post-conviction (See Return of Writ, Doc. No. 12-1, PageID 288.) Bohannon claims (Objections, Doc. No. 31, PageID 1884) he raised his appellate counsel's alleged ineffective assistance of counsel in failing to plead this as an assignment of error in his 26(B) Application which is at Exhibit 27 to the Return of Writ (Doc. No. 12-1, PageID 379, et seq.). But this is the **second** 26(B) application he filed and Ohio does not permit a second application. Therefore his claim of ineffective assistance of appellate counsel as excusing cause for not raising this Ground for Relief on direct appeal is itself procedurally defaulted. (See Exhibit 28 to Return of Writ, Entry Overruling [Second] Application to Reopen, PageID 467.)

In the Objections, Bohannon also cites authority having to do with the exhaustion requirement and how he has satisfied it (Doc. No. 31, PageID 1884). But exhaustion and procedural default are different matters, as pointed out above. The Warden has never claimed Bohannon has not exhausted his state court remedies.

There is no manifest error of law in the Court's disposition of Ground Seven.

**Ground Nine: Merger of Allied Offenses Instead of Vacating Them**

In his Ninth Ground for Relief, Bohannon asserts that when the court of appeals found his three kidnapping and rape convictions were allied offenses of similar import and remanded for resentencing, the trial court should have dismissed the kidnapping charges rather than merging them with the rape charges.

The Report quoted the state court opinion on this question at length and noted that court treated this as solely a matter of state law, to wit, proper interpretation of Ohio's allied offense statute, Ohio Revised Code § 2941.25 (Report, Doc. No. 23, PageID 1819-1821) and recommended dismissing the claim with prejudice on that basis.

In his Objections, Bohannon claims he is relying on the unambiguous language of that statute. But this habeas corpus court is completely bound by the Ohio courts' interpretation of Ohio law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."*), Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v.*

*Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).  The First District Court of Appeals determination that merger rather than dismissal is the remedy provided for violations of Ohio Revised Code § 2941.25 is entirely a matter of state law.

Bohannon argues that the First District's determination here is in conflict with *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314 (2010).  Numerous Ohio courts have held that *Johnson* does not apply retroactively, even assuming *Johnson* would suggest a different result here.  *Johnson* does not apply retroactively where a defendant has already exhausted appellate remedies.  *See, e.g., State v. Hughes*, 2012 Ohio 4513, 2012 WL 4503148, at *3 (Ohio Ct. App. 10th Dist. 2012); *State v. Boyce*, 2012 Ohio 3713, 2012 WL 3542268, at *2 (Ohio Ct. App. 2nd Dist. 2012); *State v. Boone*, 2012 Ohio 3653 (Ohio Ct. App. 10th Dist. 2012); *State v. Pound*, 2012 Ohio 3392, 2012 WL 3061455, at *3 (Ohio Ct. App. 2nd Dist. 2012), *leave denied*, 2012 Ohio 5459 (table decision); *State v. Dukes*, 2012 Ohio 3033, 2012 WL 2522968, at *2 (Ohio Ct. App. 11th Dist. 2012), *leave denied*, 133 Ohio St. 3d 1467, 2012 Ohio 5149 (2012) (table decision); *State v. Kelly*, 2012 Ohio 2930, 2012 WL 2459149, at *3 (Ohio Ct. App. 8th Dist. 2012); *State v. Champion*, 2012 Ohio 2537, 2012 WL 2061590, at *1 (Ohio Ct. App. 2nd Dist. 2012), *leave denied*, 133 Ohio St. 3d 1424, 2012 Ohio 4902 (2012) (table decision); *State v. Holliday*, 2012 Ohio 2376, 2012 WL 1964026, at *2 (Ohio Ct. App. 5th Dist. 2012); *State v. Hickman*, 2012 Ohio 2182, 2012 WL 1744531, at *2 (Ohio Ct. App. 5th Dist. 2012), *leave denied*, 133 Ohio St. 3d 1411, 2012 Ohio 4650 (2012) (table decision); *State v. Smith*, 2012 Ohio 1891, 2012 WL 1494285, at *5 (Ohio Ct. App. 3rd Dist. 2012), *leave denied*, 132 Ohio St. 3d 1533, 2012 Ohio 4381 (2012) (table decision); *State v. Layne*, 2012 Ohio 1627, 2012 WL 1247209, at *3 (Ohio Ct. App. 4th Dist. 2012); *State v. Parson*, 2012 Ohio 730, 2012 WL 601807, at *2 (Ohio Ct. App. 2nd Dist. 2012).  The United States Constitution does not compel

retroactive application of *Johnson*. *Volpe v. Trim*, 708 F.3d 688, 700 (6th Cir. 2013).

The test for double jeopardy is distinct from that for allied offenses of similar import and is set forth in *United States v. Dixon*, 509 U.S. 688, 696 (1993), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Applying the *Blockburger* test, it is very clear that the Ohio offenses of rape and kidnapping have different elements.

There is no manifest error of law in the Court's disposition of Ground Nine.

**Ground Ten: Ineffective Assistance of Trial Counsel for Failure to Present an Alibi Witness**

In his Tenth Ground for Relief, Bohannon complains that he received ineffective assistance of trial counsel when his trial attorney failed to present Kathy Dudley as an alibi witness for one of the crimes for which he was convicted, that involving victim B.S.

Bohannon raised this claim – which depends on the Dudley affidavit outside the record – in his petition for post-conviction relief. As set forth in the Report, Bohannon received a decision on the merits of this claim from both the trial court and the court of appeals, but then procedurally defaulted on appeal to the Ohio Supreme Court by filing late (Doc. No. 23, PageID 1822-23).

Bohannon now claims he placed the appeal in the prison internal mailing system three days before the due date. Bohannon said nothing of this claim and provided no proof in his Traverse (See Doc. No. 20, PageID 1782). Moreover, the prison mailbox rule is not the law in Ohio and is not constitutionally mandated. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990); *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003)(noting the "prison mailbox rule" established by *Houston v. Lack*, 487 U.S. 266 (1988) is not binding on state courts, in this case

Michigan); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000).

Bohannon reiterates his miscarriage of justice claim here, but the analysis above shows that is not sufficient – actual innocence provides the only "gateway" of the sort Bohannon tries to claim.

There is no manifest error of law in the Court's disposition of Ground Ten.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Bohannon's Objections, construed as a motion to alter the judgment under Fed. R. Civ. P. 59(e), be DENIED.

December 11, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).