IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JAMES BOHANNON,

        Petitioner,   :   Case No. 1:12-cv-542

  - vs -                             Chief Judge Susan J. Dlott
                                          Magistrate Judge Michael R. Merz

WARDEN, Allen/Oakwood
 Correctional Institution,

                                :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 41) to the Report and Recommendations filed December 11, 2013 (the "Rule 59 Report," Doc. No. 32). Chief Judge Dlott has recommitted the case to the Magistrate Judge for reconsideration in light of those Objections (Recommittal Order, Doc. No. 42).

**Procedural Status of the Case**

On November 8, 2013, Chief Judge Dlott dismissed the Petition in this case with prejudice, denied a certificate of appealability, and certified that an appeal would not be taken in good faith and should not be permitted to proceed *in forma pauperis* (Doc. No. 27). Bohannon filed a "Motion to Review the Record and Reconsider" (Doc. No. 30) and a set of Objections (Doc. No. 31). Treating these as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), the Magistrate Judge recommended they be denied (Rule 59 Report, Doc. No. 32).

1

In the meantime, Bohannon has filed a Notice of Appeal (Doc. No. 33). The Magistrate Judge has recommended that the accompanying Motion for Leave to Appeal *in forma pauperis* be denied on the basis that Chief Judge Dlott had already decided that question (Doc. No. 35). The Sixth Circuit is holding the appeal in abeyance pending decision by this Court on the pending motions (Letter, Doc. No. 38).

## Analysis of the Objections

The Objections presently before the Court address the Magistrate Judge's recommendation to deny alteration of the judgment. Thus they must be weighed against the standard for granting relief under Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

**Ground One: Trial Court Error in Failing to Excuse a Biased Juror for Cause**

In his First Ground for Relief, Bohannon asserts the trial court erred when it forced him to use a peremptory challenge to remove a biased juror. The Warden agreed this claim was preserved for habeas merits review. The Magistrate Judge found Bohannon had conceded the merits of this claim (the "Merits Report," Doc. No. 23, PageID 1797, citing Response/Traverse,

Doc. No. 20, PageID 1762).  Bohannon now says his concession was "misconstrued" and that he only conceded he could not establish a Sixth Amendment claim (Objections, Doc. No. 41, PageID 1923).  In his Reply, he wrote:

> Bohannon will concede Ground One because peremptory challenges are within the State's province to grant or withhold. The mistaken denial of a State-provided peremptory challenge does not, without more, violate the Federal Constitution. Bohannon would ask the Court to examine this claim under U.S. v. Nelson, 277 F.3d 164 for procedural or due process violations.

(Doc. No. 20, PageID 1762.)  In recommending a decision on the Motion to Reconsider, the Rule 59 Report notes that this language is fairly read as a concession of the whole First Ground for Relief (Rule 59 Report, Doc. No. 32, PageID 1893).  Alternatively, it notes that *United States v. Nelson*, 277 F.3d 164 (2nd Cir. 2002), the authority relied on by Bohannon, was a Sixth Amendment case and said nothing about any due process violation in being forced to use a peremptory challenge to remove a juror. *Id.*

In his present Objections, Bohannon abandons any reliance on *Nelson*, citing instead *Mu'Min v. Virginia*, 500 U.S. 415 (1991); *Turner v. Murray*, 476 U.S. 28 (1986); *Moch v. Stewart*, 137 F.3d 630 (9th Cir. 1998); and *Ross v. Oklahoma*, 487 U.S. 81 (1988)(Objections, Doc. No. 41, PageID 1924).  In *Ross*, the Supreme Court ruled that, even if it is error to fail to remove a juror for cause, there is no constitutional violation when a capital defendant is able to remove the same juror through the use of a peremptory challenge.

> [P]etitioner also argues that the trial court's failure to remove Huling for cause violated his Fourteenth Amendment right to due process by arbitrarily depriving him of the full complement of nine peremptory challenges allowed under Oklahoma law. We disagree. It is true that we have previously stated that the right to exercise peremptory challenges is "'one of the most important of the rights secured to the accused.'" *Swain [v. Alabama,* 380 U.S. 202 (1965)]*, supra*, at 219 (quoting *Pointer* v. *United States*, 151 U.S. 396, 408

3

> (1894)). Indeed, the *Swain* Court cited a number of federal cases and observed: "The denial or impairment of the right is reversible error without a showing of prejudice." 380 U.S., at 219. But even assuming that the Constitution were to impose this same rule in state criminal proceedings, petitioner's due process challenge would nonetheless fail. Because peremptory challenges are a creature of statute and are not required by the Constitution, *Gray, supra*, at 663; *Swain, supra*, at 219, it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise. Cf. *Stilson, supra*, at 587; *Frazier* v. *United States*, 335 U.S. 497, 505, n. 11 (1948). As such, the "right" to peremptory challenges is "denied or impaired" only if the defendant does not receive that which state law provides.

*Ross*, 487 U.S. at 88-89. In other words, *Ross* stands for the exact opposite of the proposition for which Bohannon cites it and there is no due process violation involved here. Thus the Court's rejection of Bohannon's First Ground for Relief is not a manifest error of law.

**Ground Two: Failure to Reduce Jury Instructions to Writing**

In his Second Ground for Relief, Bohannon claims he was denied due process when the trial court failed to have the jury instructions as delivered in open court transcribed for purposes of appeal.[1] The state court of appeals reviewed the claim only for plain error because no contemporaneous objection was made and the Merits Report concluded this was a fatal procedural default (Doc. No. 23, PageID 1798-1801). In the alternative, the Merits Report found no federal habeas claim was stated because no Supreme Court precedent had clearly established the right Bohannon contended for. *Id.*

The Rule 59 Report notes that the jury instructions as orally delivered were in fact transcribed as part of the record on appeal (Doc. No. 32, PageID 1895, citing Return of Writ,

---

[1] Instead, the instructions as delivered were recorded on a cassette tape, that tape was provided to the jury for deliberations, and the cassette then became part of the record on appeal.

Doc. No. 12-9, PageID 1668-98). It also noted no substantive objections were made to the instructions. *Id.*

In his instant Objections, Bohannon still makes no substantive objection to the instructions, even though he has now had years to review the transcript of those instructions which was before the court of appeals. The practice of charging a jury orally is centuries old. The practice of providing the jury with a written copy in addition has gained favor only within the careers of trial judges now sitting. More importantly, the Supreme Court of the United States has never held that that practice is constitutionally mandated.

Therefore the Court committed no manifest error of law in dismissing Ground Two as procedurally defaulted and for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Three: Improper Jury Instruction on Aggravated Robbery**

In his Third Ground for Relief, Bohannon claims the jury instruction on aggravated robbery was erroneous in that Ohio Revised Code § 2911.01(A)(1) requires proof that a firearm was displayed, brandished, or used in committing a theft offense, but the trial judge had charged the jury only that possession of a firearm was required. The Merits Report found this claim was procedurally defaulted on the reasoning of the state court of appeals (Doc. No. 23, PageID 1802). Bohannon argued that it was ineffective assistance of trial counsel to fail to object, but the Rule 59 Report found that the ineffective assistance of trial counsel claim was itself procedurally defaulted (Doc. No. 32, PageID 1896, relying on *Edwards v. Carpenter,* 529 U.S. 446 (2000)).

Bohannon now objects:

5

1. The ineffective assistance of trial counsel claim is not procedurally defaulted because it was raised on direct appeal as the third assignment of error (Objections, Doc. No. 41, PageID 1926, citing Return of Writ, pg. 6).

2. The court of appeals violated federal constitutional law in applying a plain error/harmless error analysis. *Id.* at 1927.

Taking these objections one at a time, the Magistrate Judge finds Bohannon is wrong in claiming that ineffective assistance of trial counsel for failure to object was raised on direct appeal. His third assignment of error on direct appeal asserts trial court error, not ineffective assistance of trial counsel. It reads: "[t]he trial court erred to the substantial prejudice of the defendant-appellant when it failed to properly instruct the jury on the elements of aggravated robbery." (Quoted in Return of Writ, Doc. No. 12, PageID 59.)

The second objection is that failure to instruct on an element of a crime is structural error not subject to plain error/harmless error analysis. Bohannon relies on *Hoover v. Garfield Heights Municipal Court*, 802 F.2d 168 (6th Cir. 1986), and *Glenn v. Dallman,* 686 F.2d 418 (6th Cir. 1982). In *Hoover*, the defendant was charged with resisting arrest in violation of Ohio Revised Code § 2921.33 and the trial judge refused to charge the jury that the city had to prove the arrest being resisted was a lawful arrest. The *Hoover* court wrote

> There appears to be some disagreement between the federal courts of appeal as to whether a trial court's failure to instruct on an essential element of an offense may be considered harmless error. The leading Sixth Circuit case is *Glenn v. Dallman,* 686 F.2d 418 (1982).* In *Glenn* the habeas petitioner had been found guilty of aggravated burglary under Ohio law without an instruction on one of the essential elements of the offense. The district court, on remand from this court, found that the trial court had indeed erred in failing to instruct on an element of aggravated burglary but concluded that such error was harmless because the jury would have found that element proved beyond a reasonable doubt had it been instructed correctly. On appeal, this court reversed, rejecting

>the district court's application of the harmless error analysis and holding that "the complete and utter failure to inform the jury of an essential element of the crime of which the petitioner was convicted . . . was a violation of due process." 686 F.2d at 620. The failure to instruct on an essential element is error, the court stated, "because it deprives the defendant of the right 'to have the jury told what crimes he is actually being tried for and what the essential elements of these crimes are.'" *Id.* at 421, *quoting United States v. Natale*, 526 F.2d 1160, 1167 (2d Cir. 1975), *cert. denied*, 425 U.S. 950, 96 S. Ct. 1724, 48 L. Ed. 2d 193 (1976). The court related the error to a violation of the right to trial by a jury, as well as characterizing it as a due process error, observing that the right to a jury trial places on the government the burden of proving every element of an offense "to the jury's satisfaction, not to the reviewing body's satisfaction." *Id.* The court purportedly stopped short, however, of establishing a per se rule that failure to instruct on an essential element always violates due process. *Id.* at n.2. The omission of instructions relating solely to "technical" or "procedural" elements of a crime could be harmless, according to the court, but the omission of instructions on nonprocedural or nontechnical elements "is plain error." Thus, *Glenn* stands for the proposition that the failure to instruct on a nonprocedural or nontechnical element of an offense can never be considered harmless error. See *id.* at 424 (Kennedy, J., dissenting).

*Hoover*, 802 F.2d at 175-76.

The critical element which distinguishes aggravated robbery from simple robbery under Ohio Revised Code § 2911.01(A)(1) is that the offender possesses a deadly weapon and either (1) displays it, (2) brandishes it, (3) indicates that the offender possesses it, or (4) uses it.  In this case there were five separate incidents of aggravated robbery.  In each of them, the offender "pointed a small black handgun at [each of the victims] during the commission of the offenses." *State v. Bohannon*, 2010 Ohio App. LEXIS 4278 *4 (1st Dist. 2010).  Thus there was no issue at trial as to whether the offender had displayed or brandished a deadly weapon.  Rather, the issue was identification.

The state court of appeals found the instruction was erroneous, but, because of the failure to object, review was for plain error only .  It found no plain error because "[t]he victims of the

7

aggravated robberies each testified at trial that Bohannon had pointed a small black handgun at them during the commission of the offenses." *Id.* The standard it applied in evaluating plain error was whether the outcome of the trial clearly would have been otherwise. *Id.* Constitutional error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946). This standard calls for reversal when the reviewing court lacks a "fair assurance" that the outcome of a trial was not affected by evidentiary error. *Beck v. Haik*, 377 F.3d 624 (6th Cir. 2004).

This case is distinguishable from *Hoover* and *Glenn*. In *Hoover* the trial judge refused altogether to charge on the issue of legality of the arrest. In *Glenn* the trial judge omitted altogether the element that a person was likely to be present in the dwelling to elevate the case from burglary to aggravated burglary. In this case, the trial judge did instruct on the element of possession of a deadly weapon, but omitted the "brandish or display" qualifier on that element. Thus the deadly weapon charge was flawed, not missing altogether. To paraphrase *Glenn*, this is not a case where there was "a complete and utter failure to inform the jury of an essential element of the crime . . ." 686 F.2d at 420.

Because this claim is procedurally defaulted and the cited case law on the merits is distinguishable, the Court did not commit a manifest error of law in dismissing this Ground for Relief.

**Grounds Four and Eight:  Sufficiency and Weight of the Evidence**

In his Fourth and Eighth Grounds for Relief, Bohannon asserts he was convicted on insufficient evidence, adding a manifest weight claim in Ground Eight.  The Merits Report recommended finding that the state court of appeals sufficiency conclusion as to victims Hall, Heyne, Maggard, and Sullivan was not an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979).  As to victims Sellmeyer, Blackburn, and Caudill, the claim was barred by Bohannon's failure to raise the claim on direct appeal.  (Merits Report, Doc. No. 23, PageID 1803-11.)

In his prior Objections , Bohannon claimed he had avoided procedural default by raising the claims in his Application to Reopen under Ohio R. App. P. 26(B)(Doc. No. 31, PageID 1881).  The Rule 59 Report rejects this argument, noting that a Rule 26(B) application does not resurrect earlier defaulted claims (Doc. No. 32, PageID 1897).

In his instant Objections, Bohannon relies on his prior argument as to the first four victims (Doc. No. 41, PageID 1929).  As to the three victims where insufficiency was raised only in the 26(B) Application, Bohannon claims the benefit of the actual innocence exception to procedural default recognized in *Schlup v. Delo*, 513 U.S. 298 (1995).  However, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), *quoting Schlup*, 513 U.S. at 324.  Bohannon has presented no new evidence at all.

The Court did not commit a manifest error of law in dismissing Ground Four.  Bohannon

states he has no objections to the disposition of Ground Eight (Objections, Doc. No. 41, PageID 1934).

**Ground Five: Ineffective Assistance of Trial Counsel in Failing to Present Expert Witness**

In his Fifth Ground for Relief, Bohannon asserted his trial attorney was ineffective in failing to employ an expert on the flaws in eyewitness identification. In the Merits Report, the Magistrate Judge found this Ground for Relief procedurally defaulted and not excused under the *Schlup* actual innocence exception (Merits Report, Doc. No. 23, PageID 1811-16). The Rule 59 Report found Bohannon had not shown cause and prejudice to excuse his procedural defaults (Doc. No. 32, PageID 1898-99).

In his instant Objections, Bohannon asserts:

> State officials impeded his access to the police reports that formed the factual basis for the claim. The Petitioner diligently sought said records through the proper sources but the correspondence containing his requests were [sic] ignored. After about a year of properly prepared formal requests – each with no response – the Petitioner sought help from family and various prisoner support resources who applied pressure to state officials to produce the public records being requested. The tactic was successful and the Petitioner immediately presented the claim to the trial court.

(Doc. No. 41, PageID 1930.) The post-conviction petition in which Bohannon presented this claim was his second and appear as Exhibit 50 to the Return of Writ. The Petition is not supported by any proof that the evidence was recently discovered or any of the supposed efforts outlined in the quoted paragraph to obtain them earlier. In his appeal from the dismissal of that petition, Bohannon relies on his actual innocence claim, and not on any claim of state obstruction (See Return of Writ, Doc. No. 12-1, Appellant's Brief at PageID 577-79). Even now

Bohannon's claims of due diligence and state obstruction are completely conclusory, supported by no evidence at all.

Bohannon concludes his Objections on this Ground for Relief by asking for an evidentiary hearing. Even if it had been requested pre-judgment, such a hearing would have been precluded by *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011). And Bohannon has never tendered to any court what an expert witness would have been prepared to say that would have persuaded a jury that all of the victims who identified Bohannon were mistaken.

There was no manifest error of law in dismissing Ground Five.

**Ground Six: Failure to Sever Counts**

In his Sixth Ground for Relief, Bohannon asserts he was unconstitutionally prejudiced by the joinder of the counts involving all seven victims for one trial. In the Merits Report, the Magistrate Judge found this claim procedurally defaulted (Doc. No. 23, PageID 1817). Bohannon objected that his default was excused by ineffective assistance of appellate counsel, but the Rule 59 Report concluded no such claim had been properly presented to the Ohio courts as required by *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Ignoring *Edwards*, Bohannon argues in his instant Objections that his actual innocence excused his procedural default in presenting this claim to the Ohio courts. As noted above, he has presented no new evidence of actual innocence which would satisfy the *Schlup v. Delo* standard. Thus there is no manifest error of law in the dismissal of Ground Six.

**Ground Seven: Ineffective Assistance of Trial Counsel for Failure to Object to Prosecutorial Misconduct**

In support of his claim of prosecutorial misconduct, Bohannon cites a number of purported violations in closing argument, then asserts ineffective assistance of trial counsel for failure to object. The Merits Report, which the Court has adopted, found this claim could have been but was not raised on direct appeal and was therefore procedurally defaulted (Doc. No. 23, PageID 1818). Bohannon objected that he had raised the claim in a timely petition for post-conviction relief (Doc. No. 31, PageID 1882). As noted in the Rule 59 Report, claims which could have been raised on direct appeal because they depend on evidence of record are barred from consideration by *res judicata* under *State v. Perry*, 10 Ohio St. 2d 175 (1967)(Doc. No. 32, PageID 1900).

In his instant Objections, Bohannon incorporates by reference the argument made in prior Objections (Doc. No. 41, PageID 1934, incorporating by reference, Doc. No. 31, PageID 1883-84). The incorporated reference itself refers back to Judge Davis's dismissal of Bohannon's petition for post-conviction relief which is Exhibit 13 to the Return of Writ (PageID 266-67). At the time of that entry, September 4, 2008, Bohannon's direct appeal was already pending but briefs had not yet been filed. *Id.,* Finding of Fact 3, PageID 266. Thus Judge Davis says "Bohannon may more appropriately raise this issue in his direct appeal before the First District Court of Appeals." *Id.* at PageID 267. Instead of doing that, Bohannon appealed the dismissal of the post-conviction petition. (Appellant's Brief, Return of Writ, Doc. No. 12-1, Ex. 15, PageID 271-79, filed December 31, 2008). Judge Davis's dismissal of the post-conviction petition was entered more than six months before the First District decided his direct appeal on March 11, 2009, but Bohannon points this Court to no effort he made to have this claim added to

his direct appeal during that time. Instead he waited until June 1, 2009, to file his first 26(B) application and did not include this as a claim of ineffective assistance of appellate counsel, even though Judge Davis had told him in September 2008 that this was a claim which should be raised on direct appeal. This claim of ineffective assistance of appellate counsel was never made until the second 26(B) application which was not filed until November 15, 2010. Because Ohio does not allow second or successive applications to reopen a direct appeal, Bohannon has procedurally defaulted on his claim that it was ineffective assistance of appellate counsel to fail to claim ineffective assistance of trial counsel for not objecting to purported prosecutorial misconduct in closing argument.

In addition to this unavailing ineffective assistance of appellate counsel claim, Bohannon asserts he is entitled to liberal construction of his state court pleadings because he was proceeding *pro se* (Objections, Doc. No. 41, PageID 1934). While federal courts are required to construe liberally the pleadings *pro se* litigants filed in federal court (*Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993)), none of those cases authorizes a habeas court to impose a liberal construction rule on the state courts. Moreover, Bohannon is not asking for liberal construction of his state court pleadings, but for this Court to compel the state courts to apply their procedural rules leniently to *pro se* litigants. He cites no authority for that proposition and none is known to the Magistrate Judge.

Bohannon also claims his diligence in protecting his constitutional rights should excuse his procedural default. While the Magistrate Judge believes Bohannon has been persistent, that is not the same thing as due diligence.

Finally, Bohannon again asserts his actual innocence as an excuse. For the reasons given

above, he has not made out a case of actual innocence. Therefore there is no manifest error of law in the dismissal of Ground Seven.

**Ground Nine: Merger of Allied Offenses Instead of Vacating Them**

In his Ninth Ground for Relief, Bohannon claims the trial court erred when, on remand, it merged his kidnapping counts with the other counts instead of vacating them (Petition, Doc. No. 1, PageID 24). The Magistrate Judge found that this claim, construed as a Double Jeopardy claim, had not been fairly presented to the Ohio courts; instead, Bohannon presented it solely as a question of interpreting Ohio's allied offense statute, Ohio Revised Code § 2941.25 (Merits Report, Doc. No. 23, PageID 1818-22).

In his Objections, Bohannon argued he was relying on the "unambiguous language" of Ohio Revised Code § 2941.25. The Rule 59 Report concluded that this Court was nonetheless bound by the Ohio court's interpretation of Ohio law (Doc. No. 32, PageID 1901-03). Bohannon objects that his state court argument should be liberally construed as including a Double Jeopardy argument (Doc. No. 41). But again a federal court cannot impose the liberal construction doctrine on state courts as a matter of constitutional law. It is true that Ohio Revised Code § 2941.25 protects, albeit more broadly, the same interests protected by the Double Jeopardy Clause, but Ohio's remedy for a violation of Ohio Revised Code § 2941.25 – merger of the allied offenses of similar import – which is the remedy Bohannon received, has nowhere been shown to violate the Double Jeopardy Clause. Thus there was no manifest error of law in dismissing Ground Nine.

**Ground Ten: Ineffective Assistance of Trial Counsel in Failure to Present an Alibi Witness**

In his Tenth Ground for Relief, Bohannon asserts he received ineffective assistance of trial counsel when his trial attorney did not present alibi testimony from Kathy Dudley relating to one of the seven victims. The First District Court of Appeals rejected this argument because it found the Dudley testimony would not have covered the time of the crime. The Merits Report found this claim procedurally defaulted because Bohannon did not timely appeal that decision to the Ohio Supreme Court (Doc. No. 23, PageID 1823). In his Objections, Bohannon claimed he deposited the appeal in the prison mailbox three days before it was due. In rejecting this claim, the Rule 59 Report noted that Ohio courts do not follow the mailbox rule and are not constitutionally compelled to do so (Doc. No. 32, PageID 1903-04).

Bohannon objects that his delay must be imputed to the State (Objections, Doc. No. 41, PageID 1936). He offers no authority for this proposition, no proof other than his own unsworn assertion of when he deposited the papers, and no explanation of why he waited until the last minute. He offers instead a novel interpretation of Ohio R. Crim. P. 45(E) which provides in pertinent part:

> (E) Time; Additional time after service by mail.
>
> Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon him, and the notice or other paper is served upon him by mail, three days shall be added to the prescribed period.

However, Ohio R. Crim. P. 1(C) provides that the Criminal Rules do not apply on appeal.

Bohannon asserts his actual innocence claim excuses the procedural default. For reasons given above, Bohannon has not presented sufficient new evidence to satisfy the *Schlup* actual

innocence gateway.

**Conclusion**

Bohannon's Objections do not show this Court committed any manifest error of law in dismissing the Petition with prejudice.  It is again, therefore, respectfully recommended that his Motion to Review the Record and for Reconsideration (Doc. No. 30) be denied.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

January 21, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

16

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).